Good morning, Your Honor. I'd like to reserve a few minutes for rebuttal. May it please the Court, this is a case where a trademark infringer, GSMA, launched a preemptory strike against the owner of the mark, Delson, in the state of Georgia, which has no personal jurisdiction over Delson. Under the established law, Delson should have the right to ignore the Georgia proceeding and to collaterally attack the Georgia judgment in his home state of California. But the district court failed to recognize collateral attack as an established procedure, common law procedure. This procedure was firmly established in this country. Well, let me ask you this. Is there any case in the Ninth Circuit where we've held that it's an abuse of discretion for the district court to not adjudicate this argument, this personal jurisdiction argument? Now, I didn't see one. The Lappin and Tretaway seem to be distinguishable. No, there's no such case in the Ninth Circuit, but there are plenty of Supreme Court cases from the 19th century. So we have Earl B. McVeigh, Thomson v. Whitman, Cooper v. Newell. So were those holdings or were those dicta of those cases? Those are holdings, actually. Are they holdings? Yes. There's one case you can consider that dicta, that's Insurance Corp. Like in Baldwin, Baldwin seemed to be dicta and the Insurance Corp. of Ireland. I mean, those are very strong statements in a Supreme Court dicta saying that there's no obligation to litigate outside of your jurisdiction. The reason it's a strong dicta there, because by that time, by the time the dicta comes out, it's well established. And it's Thomson v. Whitman and Earl B. McVeigh have a strong language. And also, as quoted in my circuit court case, we cite a Fifth Circuit court, hence supply case, that quoted, cited Thomson v. Whitman, basically reversed the district court decision not to consider a jurisdictional challenge. Well, the Seventh Circuit seems to have gone the other way, though, right? No, actually, that's only one case, Furman case, that's in 1970s. That's very early case. But more recent case of Seventh Circuit has held, at least for the Rule 60b-4, challenging a jurisdiction by motion. The circuit court, the district court has no discretion, has very little discretion to refuse to adjudicate the case. Well, which case are you saying, the more recent Seventh Circuit case? That's a final stack case. It's a 2011 case. This also is so well established, Your Honor. It's actually summarized as Section 81 of Restatement Judgment. That's so well established. So I think the reason there's not so many cases out there is because this principle is so well established. Has there ever been a judicial determination with regard to personal jurisdiction? Judge White didn't make that decision, did he? Or is it sort of implicit in his decision transferring the challenge to the rendering court? Yes, he did not adjudicate that issue at all. He dismissed the case. I mean, one of the concerns I have is that it looks to me like Delson's business is very much Internet-based. And, I mean, we're in the brave new world of whether or not jurisdiction can lie in any state where Internet solicitations for convention business occur. And I'm not sure that your client isn't susceptible to the reach of the Georgia long-arm statute, but I guess that has not yet been determined. It has not been determined the exact way of the argument. They're not going to argue that issue at all. We argue there's no personal jurisdiction. But there hasn't been any decision on that, I guess is the only concern that I have. We don't know whether there is or there is not. All we know is that Judge White said, I'm not going to make that determination here, and if you want to challenge this injunction, then go to the court that issued it in Atlanta and bring your challenge there. That's true. Judge White did not make that decision, and he did not make any argument, actually. Judge White would not be able to make that decision. Well, Judge White would be able to make the decision to find no jurisdiction. You're saying he must make that determination, right? He's saying that he was without discretion to tell you to go to the rendering court. That's what I'm saying, because based on the circuit court decisions, on a Supreme Court decision, also there's a point of a constitutional point. And the Penelope Neff case in the 19th century basically elevates the party's right to collaterally attack a judgment based on lack of personal jurisdiction to the level of constitutional due process under the 14th Amendment. So that's very important. By refusing to adjudicate Delson's collateral challenge, the judge basically is forcing Delson to litigate in a forum with which Delson has no minimum of contact. That's the constitutional importance. Also, one important issue is the judge's decision also failed a duty under the Quackenbush v. Austin case. Under Quackenbush, the power to dismiss under the doctrine of abstention is an extraordinary and narrow exception to the court's strict duty to litigate any case properly before it. Quackenbush makes it very clear that the power to dismiss only applies to equity cases. It does not apply to damage cases. This case is not an equity case. This case is primarily a damage case. Well, I thought, though, the challenge was to this injunction that was essentially preventing your client from soliciting the kind of business that it is engaged in. But my client's case is a trademark infringement case for damage and for injunction. But it necessarily requires a declaration that the injunction issued by the Northern District of Georgia is void. Yeah. It's a case in damage that necessitates a collateral attack on the Georgia judgment. So, Your Honor, if you read the Quackenbush case, it makes it really clear that this Court has no discretion to dismiss a case based on the doctrine of abstention. So that point was not very clearly discussed in our briefs. So I want to emphasize here is that point actually holds the key to distinguish latent and the tried-away, because latent and the tried-away are typical independent action in ethics. And they basically ask one court to vacate another court's judgment. So in those two cases, as I read them, the rendering court had actually litigated. Both parties had litigated. There was no question about default. Isn't that right? That's right, yeah. Well, in one case, either tried-away or latent, actually. Oh, no. Yeah, in both cases. You're right. You're thinking about Eronian, because I was going to ask you about Eronian, where there was a confession of judgment and the court decided on that basis. And in that case, we said, oh, we give a lot of discretion to district courts in determining whether to send it back to the rendering court or not. How do you distinguish that sort of language in Eronian? I think the key to distinguish those kind of cases is Quackenbush. Okay. Quackenbush makes it clear that this kind of discretion to refuse a case is called abstention. Under doctrine of abstention, the power to dismiss is limited to equity cases because such power derives from the discretion historically enjoyed by courts of equity. And that's established law. And so that's the point we did not really discuss very clearly. But we quoted Quackenbush. Do you want to save a minute for rebuttal? Yes. You're almost out of time. Please. All right. Thank you. May it please the Court, Bill Brewster for GSM Association and GSMA. As the Court has observed, the decisions in Treadaway and Lappin parallel this case. They were not cases in which a default judgment had been entered and considered, but the considerations that this Court set forth there and it established in Treadaway are equally applicable here. Do you agree that there isn't a Ninth Circuit case directly on point where the Court held that the district court either must or may send it back to the rendering court where there was a default judgment by the rendering court? There is not a case that held that it must or that it may precisely in a default context. The FDIC case that you identify is one that identified the level of discretion as does Treadaway. It identifies that there will be circumstances in which the court should keep the jurisdiction and there will be circumstances in which the court should defer. In this case, the court made a decision that it should defer, and it did so on the basis of what it had before it in the prior action. Well, what if we do about the very strong language in the Supreme Court cases that there's no obligation for somebody in Delson's situation to litigate in a state in which the defendant asserts there's no jurisdiction. So an insurance corp of Ireland, the Supreme Court says, a defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding. And there's other language that I'm sure you're familiar with that says the same thing, and the Supreme Court has never retreated from that position. So there are two things about this case that this Court should focus on. The first is that unlike a case where there was no appearance and that there are cases that are decided where there was no appearance, here, in fact, there was an appearance in the Northern District of Georgia by Delson. Oh, you mean the letter? Because I thought the district court struck the letter. The letter. So your timing was the first letter was sent. That letter was accepted as an answer, which included various counterclaims. There was a subsequent motion to strike that answer. The motion was granted with leave to refile. But, in fact, there was an appearance. So you take the position that was an appearance. Is that correct? Correct. We take that. But that wasn't ruled on, was it? Correct. And that would be we think that the Northern District of Georgia should have a say in whether or not that was its position. The second thing, Your Honor, is that if we were looking to provide this Court with a road map for why it should maintain the discretion, the Z.D. Rock v. Victoria Secret case really goes through each of the elements that Your Honor has just identified. It goes through the facts. Is that the district court case? It is. And it identifies the Supreme Court language and applies, tread away to that language and explains why the discretion ought not be removed. It goes through each of those. And I think effectively indicates, first, that it's stick to Your Honor and not a precise holding. And, secondly, that there's still a situation where there is a dispute about the jurisdiction in Georgia. I don't want to drag this Court into it. But, in fact, the complaint in Georgia makes the same allegations that are made in California, that Delson had relationships with entities that it was soliciting. In fact, Singular Wireless was headquartered three miles from my house in Atlanta, Georgia, is listed on the defendant's website. But that's sort of a merits issue, which the question is do we get to it or not. I said we don't want to drag you down that path. But it's the reason that Georgia, the Northern District of Georgia, Judge Evans should get a first pass on this. She took in a letter as an answer. She made a decision to strike it. There were two subsequent letters, which she treated as motions for reconsideration. This is not a case where they elected to make no appearance. But it wasn't actually litigated, the question of personal jurisdiction. No question was not finally decided and actually litigated. Okay, let me ask you this. This is the thing that most troubles me. I mean, the Supreme Court has said as recently as Monday in Daniel Chrysler that they take this personal jurisdiction thing seriously. They don't agree that because of the Internet and modern means of travel that you can be made to appear anywhere. They said that in Kiobel. I mean, they've taken that in McIntyre. They've taken that position pretty strongly. And the concern I have is a rule that says if there's a default judgment in some state where the defendant claims there's no personal jurisdiction, the district court in another state can force that defendant to go and litigate. And that seems to fly in the face of what the Supreme Court has told us about minimum contacts and general jurisdiction, special jurisdiction. How do we resolve that without having the Supreme Court tell us yet again that we got personal jurisdiction wrong? Your Honor, the way I think you maintain that is you maintain the discretion of the district court. Here the district court, as some courts have, could have analyzed it and said as a facial matter, there was an Eighth Circuit decision in which the court looked at it and said the only contact that anybody had was an order. That order is not sufficient under New York law. There's not jurisdiction. The district court here, the Northern District of California, could have made a threshold assessment that there was some fundamental unfairness, that there was a problem that needed to be assessed. Instead, it reviewed the record and exercised its discretion and said it would be a due process or fairness in order. So are you arguing it sort of implicitly decided that there was at least a colorable basis for personal jurisdiction there over Delson? No, only that it wasn't obvious that there wasn't, Your Honor. It didn't have to go anywhere, but it could have. So the rule would be that if it's obvious that there's no personal jurisdiction, then the court must keep it? Not that it must. What would the rule be? Well, Your Honor, the rule is that the court has discretion and it needs to weigh factors. It needs to weigh comedy. It needs to weigh whether or not there was an appearance. It needs to weigh whether or not there was anything else that was decided in the other court. All of those factors. In this case, for example, it would have to weigh whether the Georgia long-arm statute provided the jurisdiction. The court here could say we would prefer the Georgia court to do that by way of example. And that's what the Seventh Circuit said? Yes, that's what the Seventh Circuit did. And your opposing counsel mentioned that there was a later Seventh Circuit case that overruled or went opposite to Furman. Is that incorrect? It is, Your Honor. Phylos was not a case in which you had an initial decision and then a second court. It was, in fact, a Rule 60 motion directed to the original court. And the Seventh Circuit, when it went up on appeal, said what the district court did is it got frustrated and said we think you failed to participate in the process. We're not going to review your Rule 60 motion. And rightfully, the Seventh Circuit said that's not what you're allowed to do, district court. You have to consider the jurisdictional issue. But it was its own case. It wouldn't have had the case to refer to. Getting back to this appearance issue, it's sort of coming back to me that the district court struck it on, I guess, your client's motion because it wasn't a lawyer's letter. And so it was not cognizable by the court. Why does that make it an appearance then? Your Honor, there are a number of cases which we cite, and I think the Dr. JLK opinion provides this framework for the court. And that is an appearance is made, and the court decides that that has occurred. It files it as an answer. It recognized it had an answer, and it had some counterclaims in it. That preserved them from being in default. There was then a motion to strike, which could have been for a procedural defect, or in this case because it wasn't fired by a lawyer. It was then struck with leave to refile. An appearance had been made. An answer was struck. So there, in fact, was an appearance. The fact that an answer was struck for procedural reasons doesn't mean that it wasn't there in the first place. So we believe that the Northern District of Georgia would say that there was an appearance and that there was a waiver and that that was what it interpreted was happening at the time. Again, that's something that Judge Evans in the Northern District of Georgia should be the one to consider. What do we do with the statement of the Supreme Court in the Corporation of Ireland case where it said a defendant is always free to ignore the judicial proceedings, risk an appalled judgment, and then challenge that judgment on jurisdictional grounds in the collateral proceeding? Isn't that what happened here? So, Your Honor, no, because, in fact, they made an appearance, and I don't think there's any doubt that they did and that Judge Evans treated it that way. Secondarily, as the court in the Zedrock case indicates, that is a discussion in dicta which there are courts which have said. Supreme Court dicta is impressive with us. It is. It is with all of us. It doesn't mean that the district court didn't have the discretion to keep it, but it also has the discretion under the appropriate circumstances to send it to the initial or rendering court. Your Honor, is it your position this was not a default case? It was not a default case, Your Honor. I mean, ultimately, a default was entered, but it was only after there was an appearance made, and then the answer was stricken. But in any event, there is a record in the Northern District of Georgia to be considered. Was there a waiver? For instance, the second letter from the defendant's principal indicates that they had extended into negotiations in Georgia in order to offer a license. There's a variety of evidence in this case which the court in the Northern District of California could have said, we wish that the court would decide in Georgia. All right. Counsel, your time has expired. Thank you. And I think, Mr. Lee, you've got about a minute left. So can you address whether you made an appearance in Georgia? No. My client, as a corporation, never made an appearance because corporations cannot appear per se. And a default judgment, in fact, entered against my client. And a default judgment cannot coexist with a waiver of a personal jurisdiction because those two contradict each other. A default requires a non-appearance, and a waiver of personal jurisdiction requires some kind of appearance. So that's why there's a legal contradiction there in the argument. And if it's a default, we cannot possibly waive any personal jurisdiction. And if you look at it, we briefed this issue extensively in our reply brief to distinguish all the district court cases they cited on the issue. For example, the Johnson case, they said, oh, the fact is indistinguishable. But that's just not true. Johnson case is an individual appeared per se. Of course, you appear per se, you waive your personal jurisdiction. That has nothing to do with the issue at hand here, Your Honor. And also I'd like to address the Furman case. Furman is, if you read the Furman case, Furman did not really discuss anything about the importance of a jurisdiction. Furman case, the party made the wrong argument. The party was concentrated on whether or not the other court, the Dredgen court, had all the facts. It's easier for them to decide the case. That's just a wrong argument. So Furman never touched upon the most important issue here. That's the issue that Supreme Court had told us many times, the personal jurisdictional issue. And other circuit court cases we cited, like a FIFO case from the first district, said explicitly there's no discretion. And the Jordan case from the sixth district also said there's no discretion. Counsel, you're out of time. All right. Thank you. Thank you very much. The case just argued is submitted.
judges: Alarcon, Tallman, Ikuta